**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ANDRII KOLISNYK,

   Petitioner,

  v.

SAMUEL OLSON, et al.,

   Respondents.

No. 26 CV 8975

Judge Georgia N. Alexakis

**MEMORANDUM OPINION AND ORDER**

Andrii Kolisnyk petitions for a writ of habeas corpus, arguing that his detention pending his removal from the United States violates both federal immigration law and the Constitution. For the following reasons, his petition is denied.

## I.  Legal Standard

A district court may grant a writ of habeas corpus to a petitioner under 28 U.S.C. § 2241 if the petitioner shows that his custody violates the "Constitution or laws" of the United States.

## II.  Background

In 2022, after the Russian invasion of Ukraine, the Secretary of Homeland Security announced a program called Uniting for Ukraine, under which the Secretary would exercise his statutory discretion to parole certain Ukrainians on a "case-by-case basis, for urgent humanitarian reasons or significant public benefit." 87 Fed. Reg. 25040 (citing 8 U.S.C. § 1182(d)(5)(A)). In May 2024, Kolisnyk was paroled into

the United States under that program, for two years. [1] ¶¶ 42, 46; [9-1]at 39–41.[1] In July of this year—after Kolisnyk's parole had expired—federal immigration agents executed an administrative warrant to arrest him, and the government began removal proceedings against him. [9-2] at 42, 44.

Kolisnyk then filed this petition. He seeks his release from custody, along with injunctions forbidding the government from moving him outside this district until his release, or from rearresting him after his release. [1], ¶6; Prayer for Relief.

### III.    Analysis

As an initial matter, the proper venue to seek a writ of habeas corpus under 28 U.S.C. § 2241—as Kolisnyk does here—is "the federal district in which the petitioner is detained." *Kholyavskiy v. Achim*, 443 F.3d 946, 951 (7th Cir. 2006). Kolisnyk's petition asserted that he was then detained in the Northern District of Illinois; his reply brief, filed six days later, asserts that he was at that time detained in the Southern District of Indiana. *See* [1], ¶¶ 19, 21; [11] at 55. The government affirms Kolisnyk's assertion that, at the time his petition was filed, he was detained in this District. [8]. Thus, the Court proceeds with the understanding that venue in this District is proper or, at the very least, that any challenge to venue has been forfeited. *See Moore v. Olson*, 368 F.3d 757, 759-60 (7th Cir. 2004).

Another initial matter is the issue of the proper respondent or respondents. Absent extenuating circumstances, the only proper respondent in a habeas case is the detainee's immediate custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004);

---

[1] The Court uses the blue CM/ECF pagination in the upper-right corner of the filing.

*see generally Reimnitz v. State's Att'y of Cook Cnty.*, 761 F.2d 405, 409 (7th Cir. 1985) ("The important thing is … that the petitioner name as respondent someone (or some institution) who has both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit—namely, his unconditional freedom."). Kolisnyk is currently in custody at the Clay County Detention Center in Brazil, Indiana. [8] at 2. Because Brinson Swearingen is the Sheriff for Clay County, the government indicates that he is the proper respondent. *Id*. Thus, Brinson Swearingen will be substituted for the rest of the listed respondents under Federal Rule of Civil Procedure 25(d).

The Court now turns to the merits of the petition. Kolisnyk says his detention is illegal, on two grounds. First, he argues that, without a hearing before an immigration judge—where he might show his entitlement to bond, or to release on other conditions—his detention violates federal immigration law. *See* [1], ¶6; [11] at 67. In particular, he contends that he is not subject to mandatory detention under the statute cited by the government (section 1225), but rather under section 1226—which, he says, requires that he receive such a hearing before an immigration judge. 8 U.S.C. § 1225(b)(2)(A); *id.* §1226(a). [1], ¶¶9-10; [11] at 56-64. But regardless of whether Kolisnyk is correct that he cannot be detained under section 1225, in light of the arguments developed by the parties in this matter, he is not entitled to a hearing under section 1226 either.

True, regulations promulgated under section 1226 generally require that after an official with the Department of Homeland Security has initially determined the

conditions of an alien's custody, he receive a hearing before an immigration judge. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. § 236.1(d)(1); § 1236.1(d)(1)). But under 8 C.F.R. § 236.1(c)(11), "[a]n immigration judge may not exercise the authority provided in this section, and the review process described in paragraph (d) of this section shall not apply, *with respect to any alien beyond the custody jurisdiction of the immigration judge as provided in § 1003.19(h) of this chapter.*" (Emphasis added); *see also* 8 C.F.R. § 1236.1(c)(11) (same). The government then points to § 1003.19(h)(2)(i)(B), which forbids an immigration judge from "redetermin[ing] conditions of custody" with respect to "[a]rriving aliens in removal proceedings, *including aliens paroled after arrival pursuant to section 212(d)(5) of the Act.*" 8 C.F.R. § 1003.19(h)(2)(i)(B) (emphasis added); [9] at 34.

Kolisnyk concedes that the government has initiated a removal proceeding against him. *See* [11] at 55.[2] He does not otherwise contest the applicability of 8 C.F.R. § 1003.19(h)(2)(i)(B) to his circumstances; indeed, his reply brief does not mention the regulation at all or point to any other provision that might permit a bond hearing notwithstanding this regulation. *See generally* [11]. Thus, as the issue has been

---

[2] Kolisnyk asserts that "[a]lthough [a Notice to Appear] was issued that mark[s] the commencement of removal proceedings, a case does not appear to be filed with the immigration court." [11] at 55; *see also id.* at 83–84 (showing, as of August 3, 2026, no cases associated with Kolisnyk's alien number on the publicly available Executive Office for Immigration Review's Automated Case Information System ("ACIS")). On August 6, 2026, the Court entered Kolisnyk's alien number and nationality into ACIS, which, by that time, reflected a pending matter. *See Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (holding that courts may, on their own initiative, take judicial notice of information on government websites when it is capable of "accurate and ready determination," and the source's accuracy "cannot reasonably be questioned.").

developed by the parties, if Kolisnyk qualifies as an "arriving alien," no immigration judge may redetermine the conditions of his custody.

An arriving alien is defined by regulation as "an applicant for admission coming or attempting to come into the United States at a port-of-entry," and an arriving alien "remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after any such parole is terminated or revoked." 8 C.F.R. § 1001.1(q). Further, the parole statute provides that the Secretary of Homeland Security may parole only an alien "applying for admission"; and that "when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A). Lastly, § 1003.19(h)(2)(i)(B) itself demonstrates that an individual in Kolisnyk's shoes—an "alien[] paroled after arrival pursuant to section 212(d)(5) of the Act"—is an "[a]rriving alien" through the regulation's use of the word "including." *See Puerto Rico Maritime Shipping Auth. v. ICC*, 645 F.2d 1102, 1112 n.26 (D.C. Cir. 1981) ("It is hornbook law that the use of the word 'including' indicates that the specified list … is illustrative.").

Here, Kolisnyk came to the United States at a port-of-entry as an applicant for admission and was paroled on that basis; and after the expiration of his parole, he remained in the same position as that of "any other applicant for admission to the

United States." He thus qualifies as an arriving alien in a removal proceeding—and is therefore not entitled to a hearing before an immigration judge.

Kolisnyk cites *Abdraimov v. Swearingen*, No. 26-CV-1471, 2026 WL 776463 (N.D. Ill. Mar. 19, 2026), for the proposition that a detained parolee whose parole has expired is entitled to a bond hearing under section 1226. But there, the government had arrested, and then released on recognizance, the parolee, who was later rearrested. *Id.* at *2. By doing so, the court in *Abdraimov* held, the government had "extinguished the legal fiction that a non-citizen who is physically present in the United States has, in fact, not effected an entry into the United States," which entitled him to a bond hearing under section 1226 (as an alien whose presence was allegedly unlawful would generally receive). *Id.* at *3 (cleaned up). Here, by contrast, the government has not taken any action inconsistent with that "entry fiction." *Rodriguez v. Olson*, 814 F. Supp. 3d 945, 961 (N.D. Ill. 2026). *See also Estebesov v. Olson*, No. 26-CV-1165, 2026 WL 1229622, at *2 (N.D. Ill. May 5, 2026) (distinguishing *Abdraimov* on similar grounds).

Second, Kolisnyk argues that his detention without a hearing violates his right to due process under the Fifth Amendment. [1] at 3, 18. But again, as a parolee, Kolisnyk had never—in the eyes of the law—entered the United States, but was all the while "stopped at the border." *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020); *Samirah v. O'Connell*, 335 F.3d 545, 547 (7th Cir. 2003) ("Although a paroled alien has 'liberty to roam the country,' the law considers him legally detained at the border within the government's custody until his immigration

6

status is determined."). And such aliens have no procedural rights beyond those "authorized by Congress." *See Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953). Thus, Kolisnyk's detention does not offend the Fifth Amendment.

For the same reason, Kolisnyk is not entitled, as a matter of due process, to an injunction forbidding his removal from this district.

## IV. Conclusion

Kolisnyk's petition for a writ of habeas corpus is denied. Enter Judgment. Civil case terminated.

ENTER:

_____
Georgia N. Alexakis
United States District Judge

Date: August 7, 2026